CULPEPPER, Judge.
Plaintiff, Basil A. Rufey, seeks damages for personal injuries and property damage sustained in an intersectional collision. The trial judge awarded plaintiff the nominal sum of $50 in general damages, plus $15 medical expense and $24.88 for the damage to plaintiff’s automobile. Plaintiff appealed.
The sole issue on appeal is the quantum of damages awarded. There is no question that plaintiff had a ruptured intervertebral disc, which was surgically removed about 2 months after the accident. The substantial issue is whether this condition existed before the accident.
The collision occurred on May 18, 1966 at an intersection in Jennings, Louisiana. The defendant driver failed to yield the right of way and entered the intersection in the path *622 of plaintiff’s vehicle. However, the impact was not very severe. The damage to plaintiff’s vehicle was found by the trial judge to be only $24.88, and the damage to defendant’s automobile was estimated at about $35.
We see no need to discuss in detail the expert medical and lay testimony regarding plaintiff’s physical injuries. The district judge has done this in a well reasoned, written opinion which is clearly supported by the record. We will only state briefly the substantial facts.
Plaintiff has a long history of back trouble beginning in his native country, England, in about 1956 when he hurt his back trying to lift a piano. Shortly thereafter he underwent a laminectomy. He later moved to this country and experienced little trouble with his back until June of 1964, at which time he was admitted to the Jennings American Legion Hospital. Dr. Harley Bearden, the attending physician, diagnosed plaintiff’s condition as a “lumbosacral injury, possible herniated nucleus pulposus.” Plaintiff was also seen in 1964 by Dr. Louis E. Shirley, Jr., who said plaintiff’s complaints at that time were of severe pain in the low back and radiating down into his left thigh and leg, the latter being usual symptoms of a- herniated disc. On that occasion in the hospital he was treated with traction, muscle relaxing drugs and diathermy. With this conservative treatment his pain subsided and he apparently had no serious complaints for the next year or two.
Then in March of 1966, which was only about two months prior to the date of the accident, plaintiff was again admitted to the Jennings American Legion Hospital. Dr. Shirley testified that plaintiff complained of pain in the low back, radiating down into the left leg. This physician again suspected a possible ruptured intervertebral disc. However, ten days of hospitalization and conservative treatment improved plaintiff’s condition and he was released.
In a discovery deposition, plaintiff denied that he had any difficulty with his back between the time of his release from the hospital in March of 1966 and the date of the accident on May 18, 1966. However, at the trial, when plaintiff realized that the defendant had subpoenaed Dr. A. E. Stanton, an osteopathic physician of Crowley, he admitted that he had continued to have pain following his hospitalization in March of 1966. Dr. Stanton testified plaintiff visited his office on March 30, 1966, April 1st, 4th, 7th, 11th, 18th and 26th of 1966 with complaints of low back pain and pain running down into his left leg.
The trial judge also gave weight to the fact that immediately after the accident, which involved a very slight impact, plaintiff did not complain of a back injury. He told the investigating officer at the scene that there were no injuries. He did not mention any physical injuries to the insured driver. On May 20, 1966, which was two days after the accident, he was asked by the insurance adjuster if he suffered any injuries and he said “No”. Plaintiff contends he went to see Dr. Shirley on May 19, 1966, but Dr. Shirley testified it was May 20, and the trial judge so held.
Plaintiff saw Dr. Hatchette, an orthopedic surgeon, on May 23, 1966, but in giving this physician the history he denied any difficulty with his back following the 1956 operation up until the date of the accident on May 18, 1966. This was an obvious misrepresentation. Hence, Dr. Hatchette’s report of a possible connection between the accident and the ruptured disc he found is based on a false history.
On July 18, 1966, plaintiff was examined by Dr. Robertson, an orthopedic surgeon of Houston, Texas. Then on July 28, 1966, a laminectomy was performed and a ruptured disc found and removed.
We find no manifest error in the conclusion of the trial judge that plaintiff’s ruptured intervertebral disc existed before the accident and was not caused or aggravated thereby. To a considerable degree the issue depends on plaintiff’s credibility, which the trial judge had every right to seriously question.
*623 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.